# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **ALBERT JOE MARTIN** | **CIVIL ACTION NO. 3:10-cv-1585** |
| **LA. DOC #369015** | |
| **VS.** | **SECTION P\** |
| | **JUDGE ROBERT G. JAMES** |
| **ANDY BROWN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Albert Joe Martin, proceeding *in forma pauperis* (IFP), filed the instant civil rights complaint on September 30, 2010. When he filed this complaint he was an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he was incarcerated at the Jackson Parish Correctional Center, Jonesboro, Louisiana, and  he complained that he was exposed to environmental tobacco smoke during his confinement at that facility.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED** pursuant to the provisions of Rule 41 of the Federal Rules of Civil Procedure.

### *Statement of the Facts*

Plaintiff filed his *pro se* civil rights complaint and application to proceed IFP on September 30, 2010. [Docs. #1-2]  On October 19, 2010, he was granted leave to proceed IFP. [Doc. #3] On November 19, 2010, he notified the court that he was transferred to the Catahoula Corrections Center, Harrisonburg, Louisiana. [Doc. #5] On November 30, 2010, plaintiff was directed to amend his complaint on or before December 30, 2010, to provide more specific factual support for his

claims. [Doc. #6]  Plaintiff has not responded to that order, nor has he contacted the court requesting an extension of time to respond to the order.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  More than 60 days have elapsed since plaintiff was ordered to amend his suit; he has not complied with the November 30, 2010 order, nor has he requested an extension of time within which to respond to that order.

Plaintiff's disregard of the order to amend warrants dismissal of the complaint. Further, the dismissal herein should be with prejudice because plaintiff has a history of filing pro se prisoner suits which are ultimately dismissed pursuant to Rule 41(b) based on plaintiff's contumacious failure or refusal to comply with court orders and court rules.  See *Albert Joe Martin v. Wesley Horton, et al.*, No. 3:08-cv-0157; *Albert Joe Martin v. Jon Thomas*, No. 3:08-0214; *Albert Joe Martin v. David Yelverton, et al.*, No. 3:08-cv-0393; and, *Albert Joe Martin v. Lt. Gray, et al.*, No. 5:05-cv-1290.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers at Monroe, Louisiana, February 18, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE